922 F.2d 33
 UNITED STATES of America, Appellee,
v.
John Jairo ZULETA-ALVAREZ, a/k/a John Zuleta, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Germain RAMIREZ-FERNANDEZ, a/k/a Germain Fernandez-Ramirez,
a/k/a Germain Ramirez, a/k/a Herman, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Ralph GUTHZEIT, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Richard Allen WEST, a/k/a Dicky West, Defendant, Appellant.
 Nos. 89-2104 to 89-2106 and 90-1062.
 United States Court of Appeals,
First Circuit.
 Heard Sept. 7, 1990.
Decided Dec. 21, 1990.
Rehearing and Rehearing En Banc
Denied Feb. 21, 1991.
 
 Julian L. Sweet, Lewiston, Me., by appointment of the Court, for defendant, appellant John Jairo Zuleta-Alvarez.
 William W. McCandless, Jr., Portland, Me., by appointment of the Court, for defendant, appellant Germain Ramirez-Fernandez.
 Thomas F. Hallett, Portland, Me., for defendant, appellant Ralph Guthzeit.
 David Beneman, with whom Levenson, Vickerson & Beneman, Portland, Me., was on brief for defendant, appellant Richard Allen West.
 F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., Portland, Me., was on brief for appellee.
 Before CAMPBELL and TORRUELLA, Circuit Judges, and CAFFREY,* Senior District Judge.
 TORRUELLA, Circuit Judge.
 
 
 1
 This is a consolidated appeal from four convictions returned in the United States District Court for the District of Maine. Defendant-appellants John Jairo Zuleta-Alvarez, Germain Ramirez-Fernandez and Ralph Guthzeit were convicted of conspiracy to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. Sec. 846. Defendant-appellant Richard Allen West was acquitted on the conspiracy charge but was convicted on three separate cocaine distribution charges. All four appellants sought, and were denied, the opportunity to cross-examine live witnesses at sentencing. Appellants now appeal that ruling. For the reasons stated below, we affirm the judgment of the district court.
 
 FACTS
 
 2
 This case involves the transportation of cocaine from Lowell, Massachusetts, and Harrison, New Jersey, to Portland, Maine, where it was subsequently sold. Appellant Ramirez-Fernandez was the contact and ring leader in Portland. Appellant Zuleta-Alvarez served as a source in Lowell and later assisted distribution in Portland. Appellants Guthzeit and West acted as retail distributors in and around Portland.
 
 
 3
 All four appellants were tried and convicted in August 1989. Sentencing occurred on November 16, 1989. At the sentencing hearing, the government introduced, over appellants' objections, transcripts of the testimony of several trial and grand jury witnesses who were not present for cross-examination. The central issue at sentencing was the amount of cocaine used to arrive at the base offense level. Appellants argued then, and continue to argue now, that the method used for determining the amount of cocaine involved was inaccurate and resulted in double and triple counting.
 
 
 4
 The court arrived at a base offense level of 32, with a Guideline sentencing range of 121-151 months. Appellants contend that had the amounts of cocaine been accurately counted, the proper base offense level would have been only 26, resulting in a significantly shorter period of incarceration.
 
 
 5
 Because appellants contend that the government's calculations were unreliable, they urge this court to find that the sentencing court erred in not compelling the production of live witnesses subject to cross-examination.
 
 DISCUSSION
 The Sentencing Guidelines provide:
 
 6
 When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.
 
 
 7
 United States Sentencing Commission, Guidelines Manual, Sec. 6A1.3 (Nov.1990) [hereinafter U.S.S.G.]. Thus, the Sentencing Guidelines ("Guidelines") prescribe a three step process for determining what evidence is appropriate for sentencing. First, the court must determine that relevant facts are reasonably in dispute. Second, if the court so determines, then the Guidelines allow the parties to present their own evidence in support of any reasonably disputed fact. And third, the Guidelines require the sentencing court to make an independent determination regarding the reliability of all proffered evidence.
 
 Facts Reasonably in Dispute
 
 8
 In cases involving drug related offenses, the procedure used for determining the amount of drugs involved creates an issue inherently ripe for dispute. Despite the fact that it is generally accepted that cross-examination is the best method available for "assur[ing] the 'accuracy of the truth determining process,' " Chambers v. Mississippi, 410 U.S. 284, 295, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297 (1973), in most drug cases, defendants do not realistically have the option of cross-examining witnesses on the issue of quantity. As Chief Judge Breyer noted in his article, "Federal Sentencing Guidelines and the Key Compromises upon which They Rest," 17 Hofstra L.Rev. 1 (1988):
 
 
 9
 A drug crime defendant ... cannot be expected to argue at trial to the jury that, even though he never possessed any drugs, if he did so, he possessed only one hundred grams and not five hundred, as the government claimed.
 
 
 10
 Id. at 10. Nevertheless, initial Guidelines offense levels are established based upon a determination by the sentencing court of the quantity of drugs involved, usually in reliance upon trial testimony which may not have been subject to meaningful cross-examination. Therefore, with regard to the instant case, this court is willing to accept that the amount of drugs relied upon at sentencing was an important factor reasonably in dispute.
 
 Evidence Presented by the Parties
 
 11
 Upon review of the record, we find that defendants raised only general objections to the pre-sentence reports and offered no outside evidence in contradiction to the findings contained therein. The pre-sentence reports were issued to defendants on September 26, 1989. The sentencing hearing was not held until November 16, 1989. During the interim, however, defendants laid no foundation establishing the need for cross-examination of witnesses. We cannot find that defendants made any effort to interview and record statements by the disputed witnesses, made any demand that live witnesses be produced or made any effort of their own to subpoena witnesses for sentencing. In fact, the production of live witnesses was not requested by defense counsel until the day of sentencing, notwithstanding the fact that the defense had knowledge, both from the trial and from the pre-sentence report, that the witnesses in question had provided relevant testimony regarding the quantities of cocaine involved.
 
 
 12
 This court cannot accept that such a demand, raised so late in the proceedings, adequately preserved defendants' right to introduce rebuttal evidence by way of cross-examination at sentencing. Therefore we find that the sentencing court did not err in denying defendants' belated request.
 
 
 13
 Our inquiry does not stop here, however. Although defendants did not present any rebuttal evidence, the sentencing court still had to make an independent determination as to the reliability of the evidence presented by the government.
 
 Indicia of Reliability
 
 14
 A sentencing hearing need not meet all the procedural safeguards and strict evidentiary limitations of a criminal trial. United States v. Fatico, 579 F.2d 707, 711 (2d Cir.1978), on remand, 458 F.Supp. 388 (E.D.N.Y.1978), aff'd, 603 F.2d 1053 (2d Cir.1979), cert. denied, 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980). The sentencing court is free to rely upon outside evidence, including hearsay evidence that has never been subject to cross-examination. United States v. Wright, 873 F.2d 437, 441 (1st Cir.1989); United States v. Sciarrino, 884 F.2d 95, 97 (3d Cir.1989). The only requirement is that information upon which a sentence is based must have "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. Sec. 6A1.3. Thus in order for a sentencing court to accept the quantities of drugs proposed by the government, the court must first determine that the amounts calculated are sufficiently accurate. Kramer v. United States, 798 F.2d 192, 194 (7th Cir.1986). The government, however, need only verify the accuracy of its information by a preponderance of the evidence, United States v. Mocciola, 891 F.2d 13, 17 (1st Cir.1989), and the findings of the sentencing court on such issues will be overturned on appeal only for clear error. United States v. Perez, 897 F.2d 751, 752-53 (5th Cir.1990).
 
 
 15
 In this case, there existed sufficient indicia of reliability to avoid reversal for clear error. First, the testimony introduced by the government and relied upon by the sentencing court was all provided under oath, either administered at trial or before the grand jury, and was corroborated generally by the many witnesses who testified during the proceedings below. Fatico, 579 F.2d at 713 (holding that corroboration of information demonstrates its reliability). Moreover, the sentencing judge was also the presiding judge during the prior proceedings. Thus the sentencing judge had the opportunity to observe the testimony and cross-examination of the various witnesses and could thereby make an independent assessment as to their credibility.
 
 
 16
 In view of these two strong indicia of reliability, we hold that the sentencing court's reliance on the testimony presented by the government did not constitute clear error.
 
 CONCLUSION
 
 17
 For the reasons stated above, we affirm the sentencing court's ruling with regard to cross-examination of witnesses. With respect to the other issues raised on appeal, we have examined appellants' contentions and find that they are without merit.
 
 
 18
 Affirmed.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation