974 F.2d 1329
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
John P. KENNEDY, Defendant, Appellant.
 No. 92-1158.
 United States Court of Appeals,
First Circuit.
 September 9, 1992
 
 Appeal from the United States District Court for the District of Rhode Island
 Marie T. Roebuck, by Appointment of the Court, for appellant.
 Ira Belkin, Assistant United States Attorney, with whom Lincoln C. Almond, United States Attorney, Margaret E. Curran, Assistant United States Attorney, and Anthony C. DiGioia, Assistant United States Attorney, were on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Torruella and Stahl, Circuit Judges, and Hornby,* District Judge.
 HORNBY, District Judge.
 This case raises Guideline sentencing issues, only one of which deserves extended comment. We hold that a defendant's perjury at his sentencing, even though limited to a count where he maintains his innocence, justifies an obstruction of justice enhancement under U.S.S.G. § 3C1.1 and a denial of acceptance of responsibility under U.S.S.G. § 3E1.1.
 
 
 1
 The defendant entered a plea of Not Guilty to Count VI of the Indictment, which charged him with impersonating an IRS employee. A plea agreement provided that this count would be dismissed at sentencing on the other counts, to which he did plead Guilty. The prosecutor stated on the record at the Rule 11 hearing, however, that the Government would seek a two-level enhancement for the conduct underlying the impersonation count because that was conduct relevant to the admitted offenses.
 
 
 2
 If the defendant subsequently had simply declined to say anything about the alleged impersonation, his silence would not have denied him a two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. This Circuit holds it inappropriate to deny the reduction for refusing to admit conduct involved in a charge to which a defendant has pleaded Not Guilty. United States v. Perez-Franco, 873 F.2d 455, 463-64 (1st Cir. 1989). Accord United States v. Rogers, 921 F.2d 975, 982 (10th Cir.), cert. denied, U.S., 111 S. Ct. 113, 112 L. Ed. 2d 83 (1990); United States v. Piper, 918 F.2d 839, 840-41 (9th Cir. 1990); United States v. Oliveras, 905 F.2d 623, 628-32 (2nd Cir. 1990). But see United States v. Mourning, 914 F.2d 699, 705-07 (5th Cir. 1990); United States v. Ignacio Munio, 909 F.2d 436, 439 n.11 (11th Cir. 1990), cert. denied, U.S., 111 S. Ct. 1393, 113 L. Ed. 2d 449 (1991); United States v. Gordon, 895 F.2d 932, 936-37 (4th Cir.), cert. denied, U.S., 111 S. Ct. 131, 112 L. Ed. 2d 98 (1990). But this defendant elected to take the stand at his sentencing hearing. He then, under oath, provided testimony (concerning the alleged impersonation) that the District Court supportably found to be materially false. Perjury at a sentencing hearing clearly justifies the two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. See U.S.S.G. § 3C1.1, comment. (n.3(b)) (specifically listing perjury as one of the kinds of conduct justifying the enhancement). As for acceptance of responsibility, his perjury behavior took the defendant out of the "safe harbor" that this Circuit has otherwise provided for simply maintaining a Not Guilty plea. Moreover, Application note 4 to U.S.S.G. § 3E1.1 recognizes that, although there may be "extraordinary cases," conduct justifying an enhancement for obstructing justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment. (n.4). This is not an extraordinary case. The sentencing judge was fully entitled to conclude that the defendant's perjury at the sentencing hearing showed a failure to accept responsibility. Perjury as to relevant conduct is not at all like maintaining a Not Guilty plea.[1]
 
 
 3
 We dispose of the other issues summarily. The District Court proceeded to find that the defendant had falsely represented himself to be an Internal Revenue Service employee. The court accordingly applied an appropriate two-level enhancement to the Base Offense Level because there was a clear nexus between this conduct and the fraud offenses to which the defendant pleaded Guilty. See U.S.S.G. § 2F1.1(b)(3). The District Court's factual determination, reached after an evidentiary hearing, was not clearly erroneous, United States v. Connell, 960 F.2d 191, 193 (1st Cir. 1992). The District Court was entitled to rely upon hearsay testimony,[2] see United States v. Zuleta-Alvarez, 922 F.2d 33, 36 (1st Cir. 1990), cert. denied, U.S., 111 S. Ct. 2039, 114 L. Ed. 2d 123 (1991), as well as its disbelief of the defendant's testimony.
 
 
 4
 Contrary to the defendant's argument, the Guidelines provide that this enhancement under U.S.S.G. § 2F1.1(b)(3) for impersonation can be added to that under U.S.S.G. § 2F1.1(b)(2) for more than minimal planning. Only the adjustments in U.S.S.G. § 2F1.1(b)(3) itself are mutually exclusive.[3] Accord United States v. Villarino, 930 F.2d 1527, 1529 (11th Cir. 1991). Applying both enhancements does not result in double counting because the enhancement for more than minimal planning is based on a different factual premise than that for impersonation. Moreover, nothing in the Guideline caps these enhancements at an offense level of ten. Indeed, if the impersonation enhancement applies, ten is the minimum offense level. U.S.S.G. § 2F1.1(b)(3).
 
 
 5
 Finally, because the difference between the minimum and maximum terms in the Guideline range here was only six months, the District Court was not required to state its reasons for the specific point within the Guideline range at which it sentenced the defendant. See 18 U.S.C. § 3553(c).
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Of the District of Maine, sitting by designation
 
 
 [1]
 We do not rely upon it, but observe that a proposed revision to Guideline 3E1.1 commentary would make this explicit: A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the Court determines to be true has acted in a manner inconsistent with acceptance of responsibility
 Proposed Amendment to Sentencing Guidelines of the United States Courts, 57 Fed. Reg. 20,148, 20,156 (1992) (proposed May 11, 1992).
 
 
 [2]
 Here, the defendant did not raise any confrontation issue at the hearing
 
 
 [3]
 Prior to November 1, 1989, the enhancement in U.S.S.G. § 2F1.1(b)(3) had been included in U.S.S.G. § 2F1.1(b)(2). Under that earlier version of the Guidelines, the enhancements for impersonation and more than minimal planning were mutually exclusive. Effective November 1, 1989, however, the Guidelines were amended by splitting the enhancements contained in the old version of U.S.S.G. § 2F1.1(b)(2) into two separate categories. The impersonation enhancement (along with an enhancement for violation of judicial orders) became U.S.S.G. § 2F1.1(b)(3). Only the adjustments within U.S.S.G. § 2F1.1(b)(3) are described as mutually exclusive. See U.S.S.G. § 2F1.1, comment. (n.1). Nothing prevents application of one enhancement from each of U.S.S.G. § 2F1.1(b)(3) and § 2F1.1(b)(2)