USCA1 Opinion

 

 September 29, 1992 [NOT FOR PUBLICATION] ___________________ No. 92-1108 RICHARD ALAN WEST, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ___________________ Richard Alan West on brief pro se. _________________ Richard S. Cohen, United States Attorney and F. Mark __________________ ________ Terison, Assistant United States Attorney, on brief for appellee. _______ __________________ __________________ Per Curiam. Petitioner appeals denial of his motion to __________ set aside, vacate, or correct his sentence pursuant to 28 U.S.C. 2255. We affirm the district court's decision dismissing his petition. Petitioner was convicted by a jury in August, 1989 on three counts of distributing cocaine. He was acquitted of a fourth count of conspiracy. In November, 1989, he was sentenced to concurrent sentences of fifty-five months on each of the three counts, followed by five years' supervised release. He was also fined $2500 per count (total $7500), to be paid in installments during the five year period of supervised release. Joined by his three co-defendants, petitioner appealed his sentence. This court affirmed the district court's judgment, and the Supreme Court denied certiorari. United States v. Zuleta-Alvarez, 922 F.2d 33 ______________ ______________ (1st Cir. 1990), cert. denied, 111 S. Ct. 2039 (1991). ____________ Petitioner filed the instant motion, pro se, in October, 1991, alleging six new reasons for relief from his sentence. The United States Attorney was ordered to answer, and the motion was referred to the original sentencing judge. In a lengthy and detailed opinion issued in January, 1992, the sentencing judge dismissed each of petitioner's six assignments of error. On this appeal petitioner reasserts only one of the six grounds he raised below. He claims that the sentencing judge -2- relied upon improper information in finding petitioner capable of paying the $7500 minimum fine prescribed by the Guidelines. Petitioner argues that the sentencing judge infringed upon petitioner's Fifth Amendment privilege against self-incrimination by accepting the probation officer's response to petitioner's objection to paragraph 126 of the presentence report. Paragraph 126 of the presentence report concluded that because petitioner failed to complete a required financial statement, he was presumed able to pay the minimum fine. Petitioner objected that he had filed a financial statement when arrested, and his situation had not changed since then. The probation officer's response was that the post-conviction financial statement sought significantly more specific information than the one completed on arrest, and that petitioner's earlier statement "makes no accounting of his drug sales." Petitioner claims that the district court's acceptance of the last-quoted language violated petitioner's Fifth Amendment rights. The district court responded to petitioner's argument as follows: In adopting the probation officer's response to West's objection ... we simply recognized that there was not sufficient evidence to determine whether the fine should be waived or reduced. In his objection, defendant insisted on standing by his earlier financial affidavit sworn at the time of his arrest. It was not West's failure to come forward with an accounting of his ill-gotten gain, but rather his refusal to come forward with any ___ accounting that led the court to apply the fine -3- mandated by section 5E1.2(a) and not find a basis for the exception of section 5E1.2(f). Thus petitioner's Fifth Amendment argument was shown to be baseless. On appeal here petitioner claims that reliance on his Fifth Amendment privilege was the reason for his failure to submit the requested financial statement in the first place. This argument does not appear to have been clearly raised below. But in any event we cannot credit it in light of the record before us. Taken as an assertion of the privilege, it is about 3 years too late and it is plainly contradicted by the objection petitioner made to the report at the time. Petitioner also argues that the district court had insufficient evidence upon which to determine his ability to pay. This argument is based on a misunderstanding of the guidelines. Under 5E1.2(a) the district court was required to impose a fine unless petitioner established "that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. 5E1.2(a). Accord United States v. ______ ______________ Marquez, 941 F.2d 60, 65-66 (2d Cir. 1991); United States v. _______ _____________ Rafferty, 911 F.2d 227, 232-33 (9th Cir. 1990); United States ________ _____________ v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. _____ ____________ 910 (1989) (applying similarly-worded successor guidelines). But see United States v. Walker, 900 F.2d 1201, 1206 n.5 (8th _______ _____________ ______ Cir. 1990). Since petitioner failed to meet his burden of -4- producing evidence demonstrating an inability to pay, the district court was required to impose at least the minimum fine. Petitioner's final argument is that the sentencing court did not make specific findings concerning the factors required to be considered under 18 U.S.C. 3572. Petitioner urges us to rule on this argument without regard to the district court's current explanation for the fine it imposed. But we see no reason to avoid the district court's current explanation. On the contrary, as the Supreme Court has indicated, the sentencing court may properly rely on its own memory in ruling on a 2255 motion. Blackledge v. Allison, __________ _______ 431 U.S. 63, 74 n.4 (1977). Our own reading of the record, including the court's explanation of its sentencing decision on the instant motion, convinces us that it had sufficient evidence and considered all relevant factors. As we observed in response to a similar argument made under an almost identically-worded statute, 18 U.S.C. 3622(a) (now repealed), "we will not presume that the district court declined to consider the relevant ... evidence." United States v. Wilfred Am. Educ. _____________ _________________ Corp., 953 F.2d 717 (1st Cir. 1992). The district court was _____ not required to write out its findings on each and every factor, so long as it considered the relevant factors and the -5- record was otherwise adequate for appellate review. Id. at __ 719-20.1 Petitioner's second point on this appeal, challenging the statutory authority of the Sentencing Commission to promulgate certain provisions of the guidelines, was not raised below. Accordingly it will not be considered for the first time on appeal. United States v. Pilgrim Market Corp., _____________ ____________________ 944 F.2d 14, 21 (1st Cir. 1991); Hernandez-Hernandez v. ___________________ United States, 904 F.2d 758, 764 (1st Cir. 1990). _____________ For these reasons, the district court's order dismissing the petition is affirmed. _________ ____________________ 1. The record shows that petitioner is 37 years old, healthy, trained as an electrician's helper and welder. He offered nothing to contradict the conclusion that he had a future ability to earn an income sufficient to repay the minimum fine in installments during his five years on supervised release. -6-