978 F.2d 1253
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John J. ZULETA-ALVAREZ, Plaintiff, Appellant,
v.
UNITED STATES OF AMERICA, Defendant, Appellee.
 No. 92-1334.
 United States Court of Appeals,
First Circuit.
 November 3, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
 John J. Zuleta Alvarez on brief pro se.
 Richard S. Cohen, United States Attorney, and F. Mark Terison, Assistant United States Attorney, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant John J. Zuleta-Alvarez appeals pro se from a district court order summarily denying his motion under 28 U.S.C. Section 2255 to vacate his sentence. We affirm on the ground that the issue raised on this appeal was not raised below.
 
 Background
 
 2
 On August 16, 1989, following a jury trial, appellant was convicted of conspiracy with intent to distribute in excess of 500 grams of cocaine and possession with intent to distribute cocaine. He was tried with three co-defendants.[1] The district court applied the sentencing guidelines and sentenced appellant to 121 months in prison, at the low end of the applicable guideline imprisonment range. The base offense level was 32, based upon a finding, contained in the pre-sentence report (PSI) and adopted by the court, that "the total scope of the conspiracy involved 6.762 kilograms of cocaine." See U.S.S.G § 2D1.1(a)(3) (base offense level of 32 where the total amount of cocaine involved in the offense is greater than 5 and less than 15 kilograms.)
 
 
 3
 At the sentencing hearing, the central issue was the amount of cocaine used to calculate the base offense level. Appellant argued that the amount of cocaine actually seized by the government (769 grams) was the proper amount of cocaine to use in calculating the base offense level. He objected to the PSI's inclusion of an additional amount, 5.960 kilograms, based upon "historical evidence" of amounts distributed by co-conspirators. His objections were that the evidence was unreliable and that including these amounts resulted in double and triple counting.
 
 
 4
 Over objection, the sentencing judge permitted the government to introduce transcripts of trial and grand jury testimony by witnesses who were not available for cross-examination at the sentencing hearing. Appellant and his co-defendants appealed that ruling. This court affirmed. See United States v. Zuleta-Alvarez, 922 F.2d 33 (1st Cir. 1990), cert. denied, U.S., 111 S. Ct. 2039 (1991). We held that the sentencing court did not err in denying defendants' request for live witnesses and that there were "sufficient indicia of reliability" to support the government's calculation of the drug quantity.
 
 
 5
 On December 16, 1991, appellant filed a motion under 28 U.S.C. § 2255 to vacate his sentence. Appellant challenged the constitutionality of 21 U.S.C. § 841, the statute under which he was convicted. He argued that the minimum mandatory penalties of that statute violated the Eighth Amendment's prohibition against cruel and unusual punishment in that they resulted in sentences disproportionate to the crime committed. He also contended that the statute deprived him of due process and equal protection of the law because it failed to take into account the purity of the drug involved, the role of the defendant and the defendant's knowledge of the amount of the drug involved. In an order dated March 2, 1992, the district court summarily denied appellant's motion.
 
 Discussion
 
 6
 On appeal, giving up his attack on the constitutionality of the statute under which he was convicted, appellant argues for the first time that the district court erroneously applied the sentencing guidelines. Specifically, appellant argues that the sentencing court erred in basing his sentence upon the amount of cocaine involved in the entire conspiracy.
 
 
 7
 Relying upon Seventh Circuit case law interpreting U.S.S.G., § 1B1.3 and the commentary thereto, appellant contends that the district court held him accountable for conduct that was not "reasonably foreseeable" by him. He argues that, while the conspiracy existed from July, 1988 until April, 1989, the evidence indicates that he did not become involved until "late 1988 or early 1989." Therefore, appellant asserts, the district court erred in calculating an offense level based upon the amount of drugs involved in the entire conspiracy.
 
 
 8
 Where an issue is raised for the first time on appeal, our review is narrowly circumscribed:
 
 
 9
 We are ... confined to determining whether or not this is a case " 'where a gross miscarriage of justice would occur' .... [and where] the new ground [is] 'so compelling as virtually to insure appellant's sucess.' "
 
 
 10
 Hernandez-Hernandez v. United States, 904 F.2d 758, 763 (1st Cir. 1990) (quoting Johnston v. Holiday Inns, 595 F.2d 890 (1st Cir. 1979) (citations omitted)). In a recent decision by this court, we held that "[a] sentence on a conspiracy charge [cannot] be calculated by aggregating [drug distributions made prior to defendant's entrance into the conspiracy] because he was not a member of the conspiracy when they took place." United States v. O'Campo, Nos. 91-1089 and 91-1278, slip op. at 26 (1st Cir. Sept. 3, 1992). The record in this case is unclear about the exact date when defendant entered the conspiracy and whether subtracting drug distributions which occurred before that date would reduce his base offense level. Therefore, we are not able to conclude that a gross miscarriage of justice occured or that this newly raised issue is "so compelling as to virtually insure appellant's success." Hernandez-Hernandez v. United States, 904 F.2d at 763 (citations omitted). Appellant is free to raise this issue in a new § 2255 motion. We do not now determine whether or not he would be entitled to relief.
 
 Conclusion
 
 11
 The dismissal of appellant's motion to vacate his sentence under 28 U.S.C. § 2255 is
 
 
 12
 Affirmed.
 
 
 
 [1]
 The remaining six co-defendants named in the indictment pled guilty or were fugitives at the time of trial