**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4447

LORENZA PORTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-95-80)

Argued: April 10, 1997

Decided: May 22, 1997

Before WILKINS and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Steven D. Benjamin, STEVEN D. BENJAMIN & ASSO-
CIATES, Richmond, Virginia, for Appellant. David T. Maguire,
Assistant United States Attorney, Richmond, Virginia, for Appellee.
**ON BRIEF:** Betty Layne Desportes, STEVEN D. BENJAMIN &
ASSOCIATES, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lorenza Porter appeals his convictions and sentences for conspiracy to possess with the intent to distribute and to distribute cocaine, cocaine base, and heroin, see 21 U.S.C.A.§ 846 (West Supp. 1997); possession with the intent to distribute heroin, see 21 U.S.C.A. § 841(a)(1) (West 1981); distribution of cocaine base and heroin, see id.; money laundering, see 18 U.S.C.A.§ 1956(a)(1)(B)(i) (West Supp. 1997); investment of illicit drug profits, see 21 U.S.C.A. § 854 (West Supp. 1997); and tax evasion, see 26 U.S.C.A. § 7201 (West 1989). Finding no error, we affirm.

I.

The evidence adduced at trial, viewed in the light most favorable to the Government, establishes the following facts. From 1989 until 1994, Porter supplied narcotics to various individuals in the Richmond, Virginia area. One of Porter's associates, Mittledorfer Taylor, testified that on several occasions Porter provided him with quantities of cocaine and cocaine base and that Porter taught Taylor how to convert cocaine to cocaine base. Further, Taylor stated that he regularly facilitated narcotics transactions between Porter and third parties. Altogether, Taylor estimated that Porter provided him with 12 kilograms of cocaine and 8 kilograms of cocaine base over the course of their association. Ayo Obisessan, another of Porter's associates, testified that during 1990 and 1991, he provided Porter with approximately 32 ounces of heroin, which Porter then distributed to third parties. The evidence also established that Porter grossly underreported his taxable income during 1990 and 1991, thereby incurring a tax deficiency of approximately $47,000.

At sentencing, Porter requested permission to testify under oath and to again cross-examine Taylor and Obisessan for the purpose of

2

disputing drug quantity. The district court denied both requests. However, during allocution the court allowed Porter to make a lengthy statement concerning his version of events, providing him with a full opportunity to address the issue of the quantity of drugs that should be attributed to him for sentencing purposes. Additionally, Porter's counsel argued extensively with respect to drug quantity. At the conclusion of the sentencing hearing, the district court found Porter responsible for the distribution of 18 kilograms of cocaine base and 32 ounces of heroin, indicating a base offense level of 38. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) & comment. (n.10) (1995). This base offense level, combined with Porter's Criminal History Category of II, resulted in a guideline range of 262-327 months. The district court sentenced Porter to 262 months imprisonment.

II.

Porter first maintains that the district court failed to preserve an appearance of impartiality during the proceedings, thereby denying him a fair trial. In support of this claim, Porter points to several instances in which the district court expressed impatience with defense counsel. For example, the district court exhorted Porter's counsel to refrain from "wasting the jury's time" by presenting evidence lacking probative value. J.A. 90. Most egregious, Porter maintains, was the inquiry, "Counsel, what's wrong with you?... Is the blood supply to your head not working?" J.A. 92.

It is well settled that a district court must conduct a jury trial "in a general atmosphere of impartiality." United States v. Cassiagnol, 420 F.2d 868, 878 (4th Cir. 1970). Thus, while the district court properly may exercise control over the proceedings, it may not do so in a manner that creates an appearance of favoritism toward one of the parties. See United States v. Castner, 50 F.3d 1267, 1272 (4th Cir. 1995). Nevertheless, reversal on the basis of remarks made by the district court is rare. "`A judge's ordinary efforts at courtroom administration--even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune,'" id. at 1274 (quoting Liteky v. United States, 510 U.S. 540, 556 (1994)), unless the court displays "`such a high degree of favoritism or antagonism as to make fair judgment impossible,'" id. at 1273 (quoting Liteky, 510 U.S. at 555). Here, while we agree with Porter that some of the com-

ments by the district court may have been intemperate, they did not express such a deep-seated favoritism that a fair trial was rendered impossible.

III.

Porter next contends that the district court erred in refusing to allow him to testify or to again cross-examine trial witnesses during the sentencing hearing. According to Porter, because drug quantity was not at issue during the guilt phase of the proceedings, further testimony was vital to his ability to provide the court with information regarding a disputed sentencing factor. See U.S.S.G. § 6A1.3(a), p.s. (providing that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor"); United States v. Kincaid, 964 F.2d 325, 329-30 (4th Cir. 1992). We review the decision of the district court not to allow additional testimony for abuse of discretion. See United States v. Brinkworth, 68 F.3d 633, 640 (2d Cir. 1995); Fed. R. Crim. P. 32(c)(1).

We conclude that, under the circumstances presented here, the district court did not abuse its discretion in refusing to allow Porter to again cross-examine Taylor and Obisessan or to testify under oath during the sentencing hearing. Porter thoroughly cross-examined Taylor and Obisessan at trial. Specifically, Porter questioned Taylor extensively concerning the believability of his claims regarding the extent of his narcotics activities and effectively cross-examined Obisessan with respect to his ability to recall the details of his relationship with Porter. Porter also elicited testimony relevant to both witnesses' motive to fabricate testimony in order to receive reduced prison sentences. It is difficult to imagine what would be accomplished by further examination, and indeed, Porter gives no indication of what information, if any, additional cross-examination of these witnesses would have revealed. See United States v. Zuleta-Alvarez, 922 F.2d 33, 36 (1st Cir. 1990) (affirming denial of request for presentation of testimony at sentencing based in part on defendants' failure to establish the need for such testimony). In addition, Porter's counsel made a lengthy argument concerning the proper quantity of drugs to be attributed to his client, and Porter echoed these statements during

4

allocation. See Brinkworth, 68 F.3d at 640 (emphasizing that "the procedure followed in resolving disputed factors at sentencing rests in the sound discretion of the trial court" (internal quotation marks and alteration omitted)). In sum, the district court had before it all relevant information concerning drug quantity, and the record reveals that the court considered this information in determining the sentence. Thus, although district courts should take care to provide an evidentiary hearing when the factual basis for a disputed sentencing factor cannot otherwise be sufficiently developed, no such hearing was necessary here because Porter received an adequate opportunity to present information to the court concerning drug quantity. Accordingly, we conclude that the district court did not abuse its discretion in refusing to allow testimony during the sentencing hearing. See United States v. Jimenez Martinez, 83 F.3d 488, 498 (1st Cir. 1996).

IV.

We reject Porter's claim that the remarks made by the district court deprived him of a fair trial. Also, we determine that the district court did not err in refusing to allow Porter to again cross-examine trial witnesses or to testify under oath at sentencing. We have examined Porter's remaining arguments and have concluded that they are without merit. Accordingly, we affirm.

AFFIRMED

5