**UNITED STATES of America**

v.

**Staci J. HEIMER, Appellant.**

**No. 01–3623.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 23, 2002.

Filed July 31, 2002.

Before SLOVITER, NYGAARD, and BARRY, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Staci J. Heimer, seeks review of her sentence of 27 months imprisonment imposed by the District Court of the Middle District of Pennsylvania. Appellant

---

District of Pennsylvania, sitting by designation.

alleges that unsworn testimony at the sentencing hearing should not have been admitted to support an obstruction of justice enhancement under U.S.S.G. § 3C1.1 because it did not meet the "indicia of reliability" standard required by U.S.S.G. § 6A1.3. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and review it for clear error.

On May 31, 2001, pursuant to a plea agreement, Heimer pleaded guilty to two counts, one count of bank fraud and one count of filing false income tax returns, of a five count indictment. In the presentence report the probation officer recommended a two-level enhancement for obstruction of justice based on Heimer's untruthful allegation that her employer at the Art Printing Company had participated in her fraudulent activities. The probation officer reported that the false statement had significantly impeded the federal investigation meriting a two-level enhancement. Heimer objected to the enhancement for obstruction of justice admitting that the statements were false, but arguing that they did not impede the federal investigation significantly enough to warrant the two-level enhancement.

On September 18, 2001, the District Court conducted a sentencing hearing. Defendant voiced her objection to the enhancement again, alleging that the investigation was not significantly impeded by her false statement. The District Court requested testimony from the FBI case agent, Special Agent Glodek, to seek information on how much extra work resulted from the false statement. Agent Glodek, without taking an oath, answered the Court's questions by explaining that Heimer had initially provided the victims' attorney a taped confession admitting she forged the victims' checks. After Heimer received a target letter from the United States Attorney, she alleged that one of the victims had assisted and directed her to cash the checks fraudulently and told her she would receive a part of the proceeds. Agent Glodek explained various additional steps which were taken as a result of Heimer's false statement. He concluded that it delayed the indictment for about two years and that 90 to 95 percent of the investigation was conducted after Heimer provided the false information.

The Court overruled Defendant's objection to the obstruction of justice enhancement, finding that Heimer's statements were materially false and "significantly obstructed and impeded the official investigation of the [offense]." (App. 64 –65). The Court imposed the two-level enhancement for obstruction of justice and Heimer was sentenced to 27 months imprisonment, 3 years supervised release, $43,022 restitution, and a special assessment of $200. Heimer is only appealing the 27 months imprisonment.

The sentencing court has been given broad discretion in determining an appropriate sentence in order to punish and deter the criminal and to protect society. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense … for the purpose of imposing an appropriate sentence.") We have held that the sentencing court, "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial." *United States v. Yeaman,* 194 F.3d 442, 463 (3d Cir.1999) citing *United States v. Brothers,* 75 F.3d 845, 848 (3d Cir.1996). In *United States v. Miele,* we suggested that a sentencing court could "credit hearsay evidence over sworn testimony, especially where there is other evidence to corroborate the inconsistent hearsay statement." 989 F.2d 659, 664 (3d Cir.1993).

Given the broad discretion of the sentencing court and the variety of sources and information it can consider, it is imperative that the information used in determining a defendant's sentence be reliable and unbiased to "such impermissible factors as race, religion, national origin, or the result of coerced statements, uncounselled convictions and the like." *United States v. Torres*, 926 F.2d 321, 324 (3d Cir.1991). Section 6A1.3 of the United States Sentencing Guidelines states,

> In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy. U.S.S.G. § 6A1.3(a).

Thus, where there is an objection to the information the court is considering for sentencing, the court must establish whether the information is reliable.

Heimer alleges that the FBI agent's unsworn testimony lacked the required indicia of reliability to support the resultant two-level enhancement. She argues that taking an oath is essential to the reliability and accuracy of the judicial fact-finding process. The testimony at issue in the instant case is not a regular matter of the judicial fact-finding process. This process is normally associated with the trial, and falls under the rules of evidence. However, the normal rules of evidence do not apply in sentencing hearings and unsworn, reliable, probative evidence can be relied on for purposes of determining appropriate sentences. *Yeaman*, 194 F.3d at 462. Therefore, as long as the Agent's testimony can be construed as reliable, the District Court can take the information into consideration to determine a proper sentence.

In *Yeaman*, we suggested that the district court was not in error when it based an enhancement on evidence, unsworn expert testimony, and the court's own inferences. *Id.* (remanded for district court to reevaluate unsworn letters which alleged frustration and not actual injury).

Other circuits have suggested that sufficient indicia of reliability are shown by factors including sworn statements, in-court testimony, observed or recorded statements or corroborating evidence. *United States v. Fennell*, 65 F.3d 812, 814 (10th Cir.1995) (holding there was insufficient indicia of reliability in "unsworn out-of-court statements made by an unobserved witness and unsupported by other evidence."). The Second Circuit has advised that reliability can be associated with a witness' familiarity with the details of the activity. *United States v. Pless*, 982 F.2d 1118, 1125 (7th Cir.1992).

In *United States v. Lee*, the Eleventh Circuit suggested that interest and status of the witness are factors in determining the indicia of reliability. 68 F.3d 1267, 1276 (11th Cir.1995) ("We find that his penal interest fails to qualify as a sufficient indicia of reliability, particularly in view of Russell's status as a fugitive from justice.") *Lee* also indicates that reliability may be established by supporting evidence and the opportunity for the district court to observe the witnesses first-hand. *Id.* The First Circuit has suggested that the sentencing judge who presided over the case can form an independent assessment of reliability, which receives a high degree of deference. *United States v. Zuleta–Alvarez*, 922 F.2d 33 (1st Cir.1990).

Regarding the indicia of reliability of Agent Glodek's testimony, the objection to the obstruction of justice enhancement was not to show that the Appellant did not give a false statement to the FBI. Heimer readily admitted the falsity of her state-

ment and apologized to the court for implicating the victim. Instead, the objection contested the degree upon which the false statement impeded the investigation. The information provided to the court by Agent Glodek concerned the amount of effort and time which was put into the investigation after the false statement was given. As the FBI case agent, Agent Glodek is the most reliable source and can be considered a veritable expert for testimony regarding the extent, duration and content of the investigation because he was a facilitator of the investigation.

The content of the Agent's testimony is also a factor for determining its indicia of reliability. The subject of the testimony pointed to the details of the investigation and not to whether Heimer's statement was false. If the falsity of the statement had been at issue, the reliability of the testimony may have been more questionable because opposing testimonies may have been voiced. Since there was no evidence to oppose the Agent's testimony and his experience with the information was firsthand, a sufficient indicia of reliability regarding the evidence was shown.

Additionally, the sentencing court had the benefit of observing the proceedings, including the Agent's testimony. In the instance of in-court testimony, reliability can be inferred by the judge from the witness' words and actions. We give great deference to a presiding district judge in such proceedings, because he or she is able to directly observe the parties, witnesses, interactions and events of the court room.

For the foregoing reasons, the sentencing court's finding that the Agent was reliable was not clearly erroneous. We will affirm the judgment of the District Court.