UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MICHAEL PAUL PUZEY, a/k/a Big
Pete,
          *Defendant-Appellant.*

No. 01-4875

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-00-57, CR-00-64)

Submitted: June 30, 2003

Decided: August 11, 2003

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Cincinnati, Ohio, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael Paul Puzey was convicted by a jury of conspiracy to distribute crack cocaine, 21 U.S.C. § 846 (2000); distribution of crack cocaine (four counts), 21 U.S.C. § 841(a)(1) (2000); and use of a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c) (2000). Puzey was sentenced to life imprisonment on the conspiracy count; 240 months on three of the distribution counts; 480 months on the fourth distribution count; and a consecutive five-year sentence on the firearms count. He appeals, raising numerous challenges to his conviction and sentence. Finding no merit to Puzey's claims, we affirm his conviction and sentence.

Puzey first argues that the district court erred in instructing the jury with regard to his conspiracy liability under the *Pinkerton* doctrine. *See Pinkerton v. United States*, 328 U.S. 640 (1946). The *Pinkerton* doctrine imposes vicarious liability on a conspirator for the substantive offenses committed by other members of the conspiracy if those crimes are reasonably foreseeable to that conspirator. Puzey contends that as a result of its omission of the "reasonably foreseeable" language he requested, the district court's instruction permitted the jury to find him culpable for drug quantities that were not foreseeable to him, and that this error invalidates his conspiracy conviction.

The jury concluded that Puzey was guilty of conspiracy to distribute more than 50 grams of cocaine base. Evidence adduced at trial establishes that Puzey himself distributed or possessed with intent to distribute more than 50 grams of cocaine base during the course of the conspiracy, to say nothing of the activities of his coconspirators. *See, e.g.*, J.A. at 187 (testimony that witness bought between $50 and $150 of crack cocaine from Puzey on multiple occasions); J.A. at 191-92 (testimony that Puzey possessed approximately an ounce (or more than 28 grams) of crack cocaine on numerous occasions, which

he "chopp[ed] up" and distributed); J.A. at 295-96 (testimony indicating that Puzey sold $500 to $1000 worth of crack cocaine every weekend night over the course of approximately six months)).[1] In light of the evidence adduced at trial, of which even a conservative view would yield the conclusion that Puzey's participation in the conspiracy involved more than 50 grams of crack cocaine, there is no likelihood that any reasonable jury would have failed to find Puzey culpable for more than 50 grams if instructed as Puzey proposed. Accordingly, we conclude beyond a reasonable doubt that Puzey was not prejudiced by any error in the district court's jury instruction.[2] *See Neder v. United States*, 527 U.S. 1, 15 (1999) (noting that, under harmless error review, errors should be disregarded where "it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained" (internal quotation marks omitted)).

Next, Puzey maintains that the district court failed to require the jury to determine the exact drug amount attributable to him. According to Puzey, although the jury found that he was involved with more than 50 grams of crack cocaine, the district court usurped the role of the jury by determining the exact amount of crack at sentencing. However, the court may make findings that may elevate a defendant's guideline range so long as the sentence imposed does not go beyond the statutory maximum. *See United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000); *see also United States v. White*, 238 F.3d 537, 541 n.4 (4th Cir. 2001) (holding that district court may engage in factfinding above and beyond the jury's findings in order to determine the sentence). Here, the statutory maximum sentence where the offense involved more than 50 grams of crack cocaine was life imprisonment.

Puzey claims that the district court erred in denying his motion for judgment of acquittal on the conspiracy charge because the evidence was insufficient to support his conviction. This court reviews the denial of a motion for a judgment of acquittal de novo. *United States*

---

[1]Testimony at trial indicated that Puzey would sell an "eight ball" — one-eighth of an ounce, or approximately 3.5 grams of crack cocaine — for $150. (J.A. at 170.)

[2]Having assumed *arguendo* that the district court's instruction constituted error, we need not, and do not, decide the issue.

*v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion is based on insufficient evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether, taking the view most favorable to the government, there was substantial evidence to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Stewart*, 256 F.3d at 231, 250 (4th Cir. 2001) (citing *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).

In order to prove a drug conspiracy, the Government must prove the following: "(1) an agreement with another person to violate the [drug] law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, and (4) interdependence among the alleged conspirators." *Stewart*, 256 F.3d at 250 (internal quotations and citation omitted). "[O]nly a slight connection need be made linking a defendant to the conspiracy to support a conspiracy conviction, although this connection also must be proved beyond a reasonable doubt." *Burgos*, 94 F.3d at 862. A defendant's "slight connection" to the conspiracy may be proven by direct or circumstantial evidence, but "the Government nevertheless must establish proof of each element of a conspiracy beyond a reasonable doubt." *Id.* at 858.

Puzey claims that the evidence failed to show that he had any knowledge of the conspiracy or intent to join it; rather, he claims, the evidence showed only that "he was a user that was around the drug activity on some weekends."

Puzey was one of twenty-six conspirators indicted in a sixty-five count indictment arising out of a large crack cocaine conspiracy lasting over ten years in Jefferson County, West Virginia. The conspiracy comprised a network of crack houses, dealers, "runners," and buyers in the Fox Glen subdivision. Puzey arrived on the scene in 1997, selling crack from various crack houses within Fox Glen. Joey Breeden, one of Puzey's co defendants, testified that Puzey "popped up [in] my doorway one night" and "set up business." Breeden allowed Puzey to use his trailer in exchange for crack cocaine; Breeden also acted as one of many runners for Puzey. Numerous witnesses testified as to drug purchases made from Puzey. For example, Robin Gray, a confidential informant, testified that she purchased crack from Puzey approximately "50 times," in increments ranging from $50 to $150.

Another witness, Angela Jones, acted as a runner for Puzey and testified that Puzey sold $500 to $1000 worth of crack cocaine each night on weekends. Taking the view most favorable to the government, we find that there was substantial evidence to support the verdict of guilty. Consequently, the district court did not err in denying Puzey's motion for judgment of acquittal on the conspiracy charge.

Puzey next challenges the enhancement he received for his role in the offense. The district court's determination on this issue is reviewed for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). The sentencing guidelines provide for a four-point enhancement if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *U.S. Sentencing Guidelines Manual* § 3B1.1(a) (2000). The application notes to § 3B1.1 indicate that relevant factors include the nature of the defendant's participation in the commission of the offense, the degree of the defendant's participation in planning or organizing the offense, and the degree of control and authority the defendant exercised over others. USSG § 3B1.1, comment. (n.4).

The probation officer found, based on evidence presented at trial, that Puzey was an organizer/leader of a drug conspiracy involving twenty-five other persons (Puzey's named co-defendants) and that he intimidated and threatened the residents of Fox Glen, dealt crack cocaine from their homes and had the homeowners act as "runners," with Puzey receiving the largest share of the proceeds. Puzey cannot show that the district court clearly erred in adopting the presentence report's recommendation that he receive the § 3B1.1 enhancement.

Next, Puzey argues that the district court clearly erred in applying the two-level enhancement for obstruction of justice pursuant to USSG § 3C1.1. A district court's application of the guidelines' enhancement for obstruction of justice will be overturned only if clearly erroneous. *United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995). The guidelines authorize the district court to increase the defendant's offense level by two points if he or she willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing. USSG § 3C1.1 (2002). The Government must prove the facts constituting obstruction by a preponderance of the evidence.

*United States v. Nelson*, 6 F.3d 1049, 1054 (4th Cir. 1993), *overruled on other grounds*, *Bailey v. United States*, 516 U.S. 137 (1995). A defendant's perjury can establish a basis for a finding of obstruction of justice. USSG § 3C1.1, comment. (n.4(b)). The court must find, by a preponderance of the evidence, that the defendant gave false testimony, concerning a material matter, with the willful intent to deceive, rather than as a result of confusion, mistake, or faulty memory. *United States v. Dunnigan*, 507 U.S. 87, 92-98 (1993); *United States v. Jones*, 308 F.3d 425, 428 n.2 (4th Cir. 2002), *cert. denied*, 71 U.S.L.W. 3566 (No. 02-8718) (Mar. 3, 2003). The district court may either make findings on each element of perjury, or make a finding that encompasses all the factual predicates for a finding of perjury. *Jones*, 308 F.3d at 428 n.2. Here, the district court found that the Government met its burden in proving Puzey willfully testified falsely on a material fact when he took the stand and denied his involvement in the offense. Puzey cannot show that this finding was clearly erroneous.

Puzey also maintains that the sentencing guidelines are unconstitutional in light of the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). At a minimum, he argues, his sentencing enhancements for being a leader/organizer and for obstruction of justice should have been charged in the indictment and proved beyond a reasonable doubt. Because he did not raise these arguments below, this court reviews for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998).

This court held in *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), that *Apprendi* does not apply to judicial factfinding under the guidelines as long as the sentence does not exceed the statutory maximum term set out in the statute. *See also Harris v. United States*, 536 U.S. 545 (2002) (holding that *Apprendi* is not implicated when the sentencing court makes factual findings that increase the guideline range but the sentence does not exceed the statutory maximum). Here, Puzey's life sentence did not exceed the statutory maximum when more than 50 grams of crack cocaine are involved in the offense. Consequently, this claim fails.

Finally, Puzey appeals the denial of his motion to produce witnesses at his sentencing hearing. The district court denied Puzey's

motion for production of witnesses, finding that all of the requested witnesses had already testified and been cross-examined at trial and that their testimony would offer nothing further that was relevant to Puzey's sentencing arguments. We find that the district court did not abuse its discretion in denying Puzey's motion to produce these witnesses at sentencing. *See United States v. Zuleta-Alvarez*, 922 F.2d 33, 36 (1st Cir. 1990) (affirming denial of request for presentation of testimony at sentencing based in part on defendant's failure to establish the need for such testimony).

Based on the foregoing, we affirm Puzey's conviction and sentence. We grant Puzey's unopposed motion to submit on the briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*