**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry Lawrence PADILLA, Sr.,**
**Defendant–Appellant.**

**No. 89–2179.**

United States Court of Appeals,
Tenth Circuit.

Oct. 21, 1991.

Jill M. Wichlens, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the brief), Denver, Colo., for defendant-appellant.

Paula Burnett, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and James D. Tierney, Asst. U.S. Atty., with her on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, LOGAN and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Jerry Lawrence Padilla, Sr., appeals the sentence imposed upon him after his guilty plea to one count of possession with intent to distribute less than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He argues that in determining his sentence the court: (1) erred in imposing a supervised release term of five years when the statutory maximum is three years; (2) improperly considered conduct beyond the offense of conviction in determining that defendant had a supervisory role in the offense; (3) erred in denying his motion for independent weighing of the controlled substance in the possession of the government; (4) relied upon information lacking sufficient indicia of reliability in offenses that entered the court's determination of the amount of heroin involved; and (5) erred in not specifically determining that defendant had an opportunity to read the presentence report.

## I

The government concedes that the offense of which defendant pleaded guilty is a Class C felony subject to a maximum term of supervised release of three years. *See* 18 U.S.C. § 3583(b)(2). This court in *United States v. Esparsen,* 930 F.2d 1461, 1476–77 (10th Cir.1991), *petition for cert. filed,* (U.S. July 12, 1991) (No. 91–5206), held that court sentencing power for supervised release is constrained by 18 U.S.C. § 3583. Thus, the government concedes that it is improper to establish a term of supervised release in excess of three years and that remand is necessary for resentence, at least with respect to this issue.

## II

The government also concedes that the factual basis for the upward adjustment in defendant's offense level must come from his role in the offense of conviction. *See United States v. Pettit,* 903 F.2d 1336, 1341 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 197, 112 L.Ed.2d 159 (1990). It argues that there was sufficient evidence in the record based upon the offense to which defendant pleaded guilty, the September 16, 1988 sale, to support the district court's determination. We agree that there is sufficient evidence in the record to support an upward adjustment for a supervisory role based on that offense alone. The problem is that the district court did not have the benefit of *Pettit,* which was decided after defendant was sentenced, and the court did not explicitly base its determination on that offense, but made reference to other offenses. It appears from the record that in applying U.S.S.G. § 3B1.1(c) in its sentencing the court may have considered conduct beyond the offense of conviction.[1] The question then becomes

---

1. At the sentencing hearing, defendant objected to the "two additional points due to role adjustment," and to the characterization "by the probation office that [defendant] was an organizer and manager." III R. 4. The defense attorney argued that defendant's statements noted in the presentence report and investigating reports were "sale type pitches," and that there was no evidence that the defendant had an organization of "three, four or any other individuals." III R. 5. The defense further stated that defendant's

reference to a brown car as "his surveillance" and his statement that his son was running his organization while he was incarcerated were "self-serving ... puffing." *Id.* The presentence report references to the brown car and to the son running the organization were *not* in context of the offense of conviction. Rather, the information was based on an unindicted sale, *see* IV R. 2, ¶ 5, and a charged offense for which charges were dropped in the plea agreement. *See* IV R. 3, ¶ 6. In response to defendant's

whether we can regard this as harmless error, *see United States v. Moore*, 919 F.2d 1471, 1478 (10th Cir.1990), or whether we must reverse because we should not speculate on whether the court would have reached this determination if it had relied exclusively upon the offense of conviction. *See United States v. Zamarripa*, 905 F.2d 337, 342 (10th Cir.1990) (departure case). In the instant case, since remand is necessary for the determination on supervised release, we believe it is appropriate to direct the district court to reconsider its determination here in light of the requirements of *Pettit.*

## III

With respect to the motion for independent weighing of the controlled substance, provided that the government has the items in its possession we believe Fed.R.Crim.P. 16(a)(1)(C) would entitle defendant to an independent weighing, because the weight of the heroin could affect the length of the sentence. We note, however, that defendant's own motion stated that once the United States Attorney provided a copy of the official laboratory report the motion might become moot. I R. Doc. 3 at ¶ 5. The government did not oppose the weighing and affirmatively stated that the laboratory reports containing net weight figures had been provided to defendant. I R.Supp. Doc. 5. The court then ordered the government to produce representative samples for independent chemical testing of the heroin and did not mention, except by general denial of all other requests set forth in the motion, the weighing issue. I R. Doc 6 at ¶¶ 1, 4. Defendant later entered a plea of guilty without raising further objections to the court's order.[2]

Under the particular circumstances of this case we hold that defendant was not entitled to an independent weighing. The court was entitled to rely upon defendant's failure to object, after receiving the laboratory reports, to the weight of the heroin. Indeed the only objection defendant made at sentencing was to the addition of heroin from an uncharged transaction when counsel explicitly stated at sentencing that he thought the court was going to rely only upon the "78.5 grams in the three counts [sic] that were charged in the indictment." *See* III R. 4. Fed.R.Crim.P. 32(c)(3)(A) provides that the defendant must challenge the presentence report if he alleges a factual inaccuracy. Thus, when defendant failed at sentencing to challenge the weight of heroin in the charged offense, he waived the right to challenge it on appeal. Therefore, we find no error in the court's denial of this portion of defendant's motion.

## IV

The question whether the court erred in considering 3.8 grams of heroin in an uncharged count in determining the sentence requires a review of the facts. The complaint alleged that on September 16, 1988, the defendant delivered "approximately 79.3 gross grams of heroin." I R. Complaint. The presentence report includes summaries of the three indicted transactions, plus an unindicted sale. The unindicted sale, on July 11, was to a confidential informant and a DEA agent who "purchased 28.2 grams of heroin" which was 23.5% pure. IV R. 2. However, the presentence report states only that the informant purchased the heroin "at a Padilla family business, namely Sunset Motors." *Id.* The presentence report does not indicate who sold the heroin.

---

objection, the court stated "I concur with the probation office that Mr. Padilla was an organizer. I do not accept your suggestion that he was merely puffing. I think these were statements that were made against his interests, and I think that he was accurately identifying the scope of the transaction that he was in." III R. 9.

**2.** We have held that "[b]y pleading guilty, defendant admitted that he committed the offense

charged.... He cannot now challenge the factual basis of the charge to which he pleaded guilty." *United States v. Morrison*, 938 F.2d 168, 171 (10th Cir.1991) (citing *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 763, 102 L.Ed.2d 927 (1989)). *See also United States v. Davis*, 900 F.2d 1524, 1525–26 (10th Cir.) (guilty plea waives all nonjurisdictional defenses), *cert. denied*, — U.S. —, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990).

The two transactions on which defendant was indicted but for which charges were dropped as part of the plea agreement were also detailed in the presentence report. IV R. 3. The August 2 transaction involved sale of a "gross quantity of 36 grams containing 26.5% pure heroin." *Id.* The August 19 transaction "revealed a gross quantity of 43.4 grams containing 56% pure heroin." *Id.* Finally, the presentence report details the transaction of September 16 to which defendant pleaded guilty. The presentence report states that "laboratory analysis determined the gross quantity of 79.3 grams containing 70% pure heroin." IV R. 4. There is no explanation in the presentence report as to the basis for the addition of the 3.8 net grams.[3]

At the sentencing hearing, defendant argued that contrary to the understanding of all the parties, the presentence report included "another charge that was unindicted where there was three grams of heroin, which would bring it to 81 grams." III R. 4. Defendant objected to the three grams being counted for the purpose of the sentence. In response to this objection, the judge stated that "it is clear that under the sentencing guidelines, the aggregate amount of drugs, even though they might not be part of the charge against a particular defendant, can be and should be taken in to consideration in setting the guideline range." III R. 9. This is a correct statement of law. *United States v. Harris*, 903 F.2d 770, 778 (10th Cir.1990); *United States v. Ware*, 897 F.2d 1538, 1542–43 (10th Cir.1990).

█ The problem in this case is that there is no discernible basis for addition of the approximately three and one half grams in calculating the aggregate amount of drugs. Although there were other transactions described in the presentence report (all of which involve substantial quantities which, if added to the quantity in the offense of conviction, add up to more than 82.3 grams) none of these transactions involved an amount of heroin even close to the three gram range. The source of this information is not identified in the record. Although hearsay may be used in determining a sentence, some indicia of reliability is required. U.S.S.G. § 6A1.3. *See United States v. Zuleta–Alvarez*, 922 F.2d 33, 36 (1st Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2039, 114 L.Ed.2d 123 (1991); *United States v. Beaulieu*, 893 F.2d 1177, 1181–82 n. 7 (10th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990).

█ The government contends that because defendant did not specifically challenge the reliability of the information, the issue was not preserved for appeal. The record shows, however, that defendant did object to the use of the 3.8 grams, and even if defendant did not specifically challenge the reliability of the information, the court should have made an independent determination on the reliability of the evidence. *See Zuleta–Alvarez*, 922 F.2d at 36; *see also United States v. Eagle Thunder*, 893 F.2d 950, 956 (8th Cir.1990). We review factual findings of the district court as to the amount of drugs involved in the defendant's criminal conduct for clear error. *Zuleta–Alvarez* at 37. We hold that because the record lacks any indication of reliability as to the 3.8 grams, the district court's finding was clearly erroneous. This may be cured on remand, but in resentencing the court should indicate the basis for the inclusion of any amount over that of the charge to which the defendant pleaded guilty, *e.g.*, 79.3 grams.

## V

Finally, defendant argues that the district court erred in sentencing defendant

---

3. Item 12 of the presentence report states the base offense level. "According to the drug quantity table, 80 to 99 grams of heroin establishes the base offense level of 24. The total amount of heroin distributed was 82.3 net grams. That total includes 78.5 net grams relative to the indicted offense plus 3.8 net grams relative to an unindicted heroin transaction."

IV R. 5. The Sentencing Guidelines Worksheet A includes the notation "82.3 net grams" under Offense Level. IV R. Worksheet A. The Sentencing Recommendation states that "[t]he amount of heroin involved in the offense conduct was approximately 82 grams net weight." IV R. Sentencing Recommendation.

without questioning him to ascertain whether he had read the presentence report. Fed.R.Crim.P. 32(a)(1)(A) requires that before imposing sentence, the court shall "determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report...." Our remand for resentencing on other grounds moots this issue. On remand the court no doubt will ensure that defendant has had an opportunity to read the presentence report.

We REMAND for resentencing. Upon remand, the district court is instructed simultaneously to vacate the prior sentence and resentence in a manner consistent with this decision.