959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Gilbert ULIBARRI, Defendant-Appellant.
 No. 89-2180.
 United States Court of Appeals, Tenth Circuit.
 April 2, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Raymond Gilbert Ulibarri (Ulibarri) appeals the sentence imposed upon him following his guilty plea to Count I charging him with possession with intent to distribute less than 100 grams of heroin and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. He challenges only that portion of his sentence which imposed four (4) years of supervised release, after he has served thirty (30) months imprisonment.
 
 
 3
 The Presentence Report (PSR) noted that 21 U.S.C. § 841(b)(1)(C) required at least a three-year term of supervised release and that U.S.S.G. § 5D1.2(a) provides for a supervised release term of from three to five years. The PSR properly listed the offense of conviction as a Class C felony, inasmuch as the maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is twenty years. The PSR made no reference to 18 U.S.C. § 3583.
 
 
 4
 Trial counsel for Ulibarri did not object to the imposition of the four-year term of supervised release. On appeal, Ulibarri argues, and the government agrees, that plain error occurred in the imposition of a supervised release term in excess of three years because the maximum term of supervised release authorized for a Class C felony is three years under 18 U.S.C. § 3583(b)(2).
 
 
 5
 The issue presented here was decided in United States v. Padilla, 947 F.2d 893 (10th Cir.1991). We there held, on appeal from a conviction to a charge of possession with intent to distribute less than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C), that the imposition of a supervised release term in excess of three years was improper:
 
 
 6
 The government concedes that the offense of which defendant pleaded guilty is a Class C felony subject to a maximum term of supervised release of three years. See 18 U.S.C. § 3583(b)(2). This court in United States v. Esparsen, 930 F.2d 1461, 1467-77 (10th Cir.1991), petition for cert. filed, (U.S. July 12, 1991) (No. 91-5206), held that court sentencing power for supervised release is constrained by 18 U.S.C. § 3583. Thus, the government concedes that it is improper to establish a term of supervised release in excess of three years and that remand is necessary for resentence, at least with respect to this issue.
 
 
 7
 Id. at 894.
 
 
 8
 The judgment of conviction is AFFIRMED. The case is remanded, however, for resentencing consistent with this opinion. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3