977 F.2d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert M. KONEK, Defendant-Appellant.
 No. 92-3031.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1992.
 
 Before LOGAN, HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Defendant Robert M. Konek appeals the sentence imposed upon him following his guilty plea to the charge of fabricating a pipe bomb, a device falling within the definition of "firearm" for purposes of 26 U.S.C. § 5861(f).
 
 
 2
 Defendant acted as a middleman between a Special Agent of the Bureau of Alcohol, Tobacco, and Firearms (ATF) posing as a drug dealer and Howard Brodie in the purchase of a machine gun. After consummating the purchase, the agent and defendant discussed the possibility of defendant's manufacturing a pipe bomb, ostensibly for the agent's use in eliminating rival drug dealers. A few days later, the agent met with defendant again to discuss the manufacture of a pipe bomb. Defendant informed the agent that defendant had contacted Brodie, who was attempting to acquire some C-4 military explosives for use in the bomb. Brodie later confirmed to the agent that he was trying to obtain C-4 explosives. A few days later, the agent, accompanied by the resident agent in charge of ATF, secured an arrest warrant for defendant and went to defendant's home. Upon their arrival, defendant showed them the black-powder bomb he had constructed (Brodie having been unable to obtain the C-4 explosives), and described how he intended to detonate it. He was then arrested and taken into custody.
 
 
 3
 Approximately two months later, while free on bond, defendant went to a local bar in violation of his release agreement, which required him to remain in his residence except to seek or perform employment. At the bar he spoke to Linda Foster, a clerical employee of the Crawford County Sheriff's Department. She later stated that during this conversation defendant told her that "they" knew who the black ATF agent was and where he lived and that he "would be taken care of." Brief for Appellant app. (statement of Linda Foster). Defendant's bond was revoked as a result of this incident, and he remained in custody until sentencing.
 
 
 4
 The presentence report prepared by the probation officer, in calculating defendant's offense level, included a two-level increase for an aggravated role in the offense--based in part on defendant's recruitment of Brodie--and a two-level increase for obstruction of justice--based on defendant's threat against the ATF agent. At sentencing, defendant objected to both increases. The district court rejected defendant's arguments and adopted the probation officer's calculation of the proper offense level. Pursuant to the plea agreement, the district court sentenced defendant to the lowest end of the applicable range, thirty-seven months, followed by a three-year period of supervised release. This appeal followed, in which defendant makes the same challenges to the offense level increases he made in the district court.
 
 
 5
 United States Sentencing Guideline § 3B1.1(c) states that: "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." Although the district court's application of the guidelines is a question of law that we review de novo, United States v. Davis, 912 F.2d 1210, 1211 (10th Cir.1990), the finding that defendant was an organizer, leader, manager, or supervisor is one of fact that is reviewed under a clearly erroneous standard, United States v. Cox, 934 F.2d 1114, 1126 (10th Cir.1991).
 
 
 6
 Under § 3B1.1, any upward adjustment in defendant's offense level must relate to his role in the offense for which he was actually convicted, not to his role in the overall criminal enterprise. United States v. Padilla, 947 F.2d 893, 894 (10th Cir.1991). Thus, defendant must have had a leadership role in the actual manufacture of the pipe bomb, not just in the illegal activities constituting the other charges that were dropped. The application notes following guideline § 3B1.1 outline a number of considerations for the sentencing court to take into account when making this determination:
 
 
 7
 Factors the court should consider include the exercise of decision making authority, the nature of the participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.... This adjustment does not apply to a defendant who merely suggests committing the offense.
 
 
 8
 U.S.S.G. § 3B1.1, comment. (n. 3).
 
 
 9
 It is clear from the record that the district court considered only defendant's activity involving the construction of the pipe bomb when approving the two-level enhancement for an aggravating role. Although the court did say that it felt free "to take into account [defendant's] overall conduct," IR.Supp. at 28, it emphasized that "[i]n this case he will be sentenced, however, for having made a pipe bomb." Id. at 29. The court found that defendant had recruited Brodie, and that without him defendant "could not proceed." Id. at 30. The factors described in the application notes reinforce this conclusion. Defendant decided to fabricate the bomb, solicited the assistance of Brodie in securing explosives for the device, expected to be paid for the bomb, and eventually constructed the bomb out of black powder when he was unable to obtain military explosives. There is no evidence that defendant "merely suggested" manufacturing the pipe bomb; the two-level enhancement for an aggravated role in the offense is supported by the record.
 
 
 10
 With regard to the enhancement for obstruction of justice, U.S.S.G. § 3C1.1 states that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Application Note 3(a) includes as an example of conduct falling within the section "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, comment. (n. 3(a)). The sentencing court noted that the ATF agent "took [defendant's] threat seriously," IR.Supp. at 30.
 
 
 11
 Furthermore, despite the circumstances under which Linda Foster heard defendant's statement, the court apparently had no reason to doubt her credibility concerning what defendant said or the context in which he said it. Defendant knew at the time of making the statement that the ATF agent would be a witness against him, and the statement, although admittedly somewhat vague, does rise to the level of an indirect threat. Defendant is correct that a statement on which a sentence enhancement is based must have at least "some minimal indication of reliability," United States v. Beaulieu, 893 F.2d 1177, 1180-81 (10th Cir.1990), but, given Foster's employment in the sheriff's department and her lack of direct interest in the case, that reliability is present. Therefore, the finding of the district court that defendant threatened a potential witness against him is not clearly erroneous, and the two-level enhancement was appropriate.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3