979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fred G. LATHAM, Jr., Defendant-Appellant.
 No. 92-5042.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1992.
 
 Before McKAY, Chief Judge, LAY, Senior Circuit Judge,[1] and BALDOCK, Circuit Judge.
 ORDER AND JUDGMENT[2]
 LAY, Senior Circuit Judge.
 
 
 1
 Fred G. Latham, Jr., appeals from his sentence on one count of conspiracy to commit mail fraud under 18 U.S.C. § 371 and one count of mail fraud under 18 U.S.C. § 1341. Latham complains that the trial judge failed to make specific findings of fact warranting a four-level increase under United States Sentencing Guidelines Section 3B1.1(a); he also complains that the district judge erroneously calculated the amount of restitution owed.
 
 
 2
 Latham owned a chain of grocery stores in the Tulsa, Oklahoma area. Following a joint investigation by the Postal Inspector Service and the Internal Revenue Service, Latham and ten co-defendants, several of whom worked for Latham at his stores, were charged with various offenses arising out of an alleged coupon misredemption scheme. Four of the co-defendants were dropped from a superseding indictment. A jury trial began February 18, 1991, but after five days of testimony, Latham pleaded guilty. The government contended at trial that Latham and his co-defendants clipped coupons from newspapers, delivered them to Latham's stores, and sent them to the manufacturers for redemption even though customers had not made corresponding purchases.
 
 
 3
 The trial judge increased Latham's offense level by four levels under United States Sentencing Guidelines Section 3B1.1(a) as an organizer of a criminal activity involving five or more participants.[3] Latham contests the specificity of the findings. However, it is well-settled that a trial judge need not make "detailed findings, or explain why a particular adjustment is or is not appropriate." United States v. Maldonado-Campos, 920 F.2d 714, 718 (10th Cir.1990).
 
 
 4
 Latham also contests the trial judge's consideration of certain hearsay testimony during the sentencing hearing. A trial judge may consider hearsay testimony as long as it has some indicia of reliability. See United States v. Padilla, 947 F.2d 893, 896 (10th Cir.1991); United States v. Beaulieu, 893 F.2d 1177, 1181 (10th Cir.), cert. denied, 110 S.Ct. 3302 (1990). We are satisfied that the hearsay here, which comes from co-defendants implicating Latham as the organizer and leader of the conspiracy, meets this test.
 
 
 5
 Latham asserts that the trial judge miscalculated the damages from the scheme. In particular, Latham maintains the judge failed to consider "chargebacks" in which the manufacturers refused to pay for misredeemed coupons. However, the trial judge utilized the Coupon Information Center (CIC) method for estimating the loss.[4] Under this method of calculation, the specific "chargebacks" to Latham's store are irrelevant. We hold the trial judge was within his discretion in using the CIC method.
 
 
 6
 Latham also complains that the trial court should not have ordered Latham to pay restitution because the method for estimating the loss was too unreliable. The Sentencing Guidelines give the trial judge the authority to resolve uncertainties over restitution. See U.S.S.G. § 5E1.1, comment. This court concludes that the judge was within his discretion in determining the loss.
 
 
 7
 Finally, Latham claims the restitution order extends beyond his sentence. We find no merit to this argument.
 
 
 8
 For the above reasons, the trial court is affirmed in all respects.
 
 
 
 [1]
 Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [3]
 Latham was sentenced under the November, 1987, version of the United States Sentencing Guidelines
 
 
 [4]
 The CIC method focuses on average redemption rates and is used by manufacturers to estimate a retailer's expected rate of coupon redemption. It utilizes an average redemption rate of 1.23% of gross sales and thus does not consider the number of coupons submitted. In this case, the CIC method calculation was more favorable to the defendants than the other major method considered by the U.S. Probation Office