986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Lawrence PADILLA, Sr. Defendant-Appellant.
 No. 92-2023.
 United States Court of Appeals, Tenth Circuit.
 Jan. 20, 1993.
 
 Before MOORE, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Padilla was convicted of distributing less than 100 grams of heroin and sentenced to seventy-eight months in prison. Mr. Padilla appeals the sentence claiming that some of the evidence of heroin the trial court considered in calculating his offense level under the sentencing guidelines lacked reliability.
 
 
 4
 Mr. Jerry Padilla was indicted on three counts of distributing less than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Mr. Padilla pled guilty to the third count of the indictment pursuant to an agreement with the government to dismiss the remaining counts.
 
 
 5
 At sentencing, the trial court relied upon the presentence report and found Mr. Padilla was involved with 82.3 grams of heroin. This quantity was applied to the federal sentencing guidelines to establish Mr. Padilla's total offense level. The presentence report calculated 82.3 grams by combining "78.5 net grams relative to the indicted offense plus 3.8 net grams relative to an unindicted heroin transaction." The presentence report briefly discussed an unindicted heroin sale, but that transaction involved 28.2 grams rather than 3.8 grams and the seller was not identified. Mr. Padilla appealed and the Tenth Circuit remanded in part because there was "no discernible basis" for adding the 3.8 grams of heroin and the record lacked reliability. United States v. Padilla, 947 F.2d 893, 896 (10th Cir.1991).
 
 
 6
 At resentencing, the trial court again applied 82.3 grams of heroin to the guidelines to calculate Mr. Padilla's offense level. The court relied upon an addendum to the presentence report in which the probation officer stated that the DEA report "clearly" showed Mr. Padilla was involved in a transaction with 3.8 net grams of heroin. The trial court specifically found the DEA report reliable and stated that the report clearly showed Mr. Padilla sold 28.2 gross grams of heroin for which he was not indicted and analysis of the heroin "reflected that the total net weight was 3.8 grams." The 3.8 grams was added to 78.5 grams to determine a base offense level of 24.
 
 
 7
 Mr. Padilla appeals claiming the district court erred in increasing his sentence on the basis of the DEA report which he alleges lacked the necessary indicia of reliability.
 
 
 8
 On appeal, a trial court's application of the sentencing guidelines to the facts is given due deference. United States v. Short, 947 F.2d 1445, 1456 (10th Cir.1991), cert. denied, 112 S.Ct. 1680 (1992). The trial court should not be reversed "unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir.), cert. denied, 110 S.Ct. 3302 (1990).
 
 
 9
 In determining a base offense level under the sentencing guidelines, trial courts are directed to aggregate evidence of drugs which "were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Courts may consider drug quantities not included in the convicted offense, even if the defendant was never indicted for those quantities, if the prosecutor proves the additional quantities by a preponderance of the evidence. United States v. Ross, 920 F.2d 1530, 1538 (10th Cir.1990). The evidence relied upon by the court must be supported by "some indicia of reliability." Padilla, 947 F.2d at 896. See also U.S.S.G. § 6A1.3(a).
 
 
 10
 It is clear from the record that evidence of the additional 3.8 grams relied upon by the trial court was reliable and this court discerns no error. In United States v. Hershberger, 962 F.2d 1548, 1555 (10th Cir.1992), the Tenth Circuit held that a probation officer's presentence report may be considered a reliable source of information and that it is within the trial judge's discretion in determing how much weight to give the report. As counsel for the defendant recognized at resentencing, a police report such as relied upon by the probation officer can be reliable evidence.
 
 
 11
 Mr. Padilla also raises the concern that the DEA report which the probation officer and court relied upon is not in the record and thus cannot be reviewed by this court. While inclusion of the report in the record is preferred, this does not render the trial court's findings unreliable under these circumstances.
 
 
 12
 Mr. Padilla had an opportunity to respond to the presentence report both in writing and orally, but did not object to the truth of the unindicted heroin transaction or offer any evidence to the contrary. Defendant only claims that the DEA report used in establishing the additional 3.8 grams lacks the requisite indicia of reliability. Since there is nothing in the record which suggests that the trial court erred in relying upon the DEA report as set forth in the presentence report, this court will not find the trial court's findings clearly erroneous. Furthermore, since defendant was given the opportunity to comment on the presentence report, the requirements of Fed.R.Crim.P. 32 were satisfied.
 
 
 13
 The record is unclear on how the probation officer and trial court calculated net grams from gross grams, or even why such a deduction was made. This lack of clarity, however, does not undermine the reliability of the evidence used. The trial court expressly found that 28.2 gross grams of heroin were involved in the unindicted transaction and that analysis of the heroin reflected a net weight of 3.8 grams. Mr. Padilla does not specifically challenge this calculation, nor should he, since the conversion from gross grams to net grams reduced the quantity of heroin used in sentencing and thus reduced the guideline range.
 
 
 14
 Mr. Padilla's contention that the trial court erred in taking judicial notice of the drug quantity is without merit. The court made a factual finding concerning the quantity of heroin involved after considering Mr. Padilla's argument and set out the basis for its conclusion. Only after making the finding did the trial court state that it would take judicial notice of the amount of heroin involved in the offense.
 
 
 15
 Generally, judicial notice is used when a court recognizes the truth of certain facts without offered proof because the matter is one of common notoriety. See Blacks Law Dictionary at 761 (5th ed. 1979). In the present case, judicial notice was unnecessary since the trial court made a factual finding as to the issue. Mr. Padilla suffered no wrong by the trial court's use of "judicial notice."
 
 
 16
 For the aforementioned reasons, we AFFIRM the trial court's decision.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3