9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Emmanuel Christian NWANKWO, Defendant-Appellant.
 No. 93-6118.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 18, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Emmanuel Christin Nwankwo was indicted on three counts of Internal Revenue Code violations and one count of conspiracy. He pleaded guilty to a single count of structuring a cash transaction in order to evade the reporting requirements of 31 U.S.C. 5313(a), in violation of 31 U.S.C. 5324(3). The district court sentenced him to twenty-one months imprisonment followed by three years of supervised release. Consistent with a plea agreement, the remaining counts of the indictment were dismissed.
 
 
 3
 Defendant appeals his sentence and the sentencing process, making the following contentions: (1)the district court violated U.S.S.G. 1B1.8(a) by improperly utilizing information obtained pursuant to a cooperation agreement to set his sentencing range; (2)the information utilized at sentencing lacked sufficient indicia of reliability as required by U.S.S.G. 6A1.3(a); and (3)the district court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make a written record of its findings regarding defendant's factual objections to the presentence report (PSR).
 
 
 4
 Defendant received $25,000 in cash in the mail in September 1990. He purchased two $8,000 cashier's checks on September 25, 1990, at different branches of the same Oklahoma City bank payable to "Sylvan Associates (Sylvan Odobulu)." Defendant's brother then purchased $4,000 and $5,000 cashier's checks at a different Oklahoma City bank later that day. All four checks were sent together by overnight mail to Dallas, Texas, to Odobulu. These transactions were the basis of defendant's guilty plea.
 
 
 5
 Defendant's plea agreement contained reciprocal promises that defendant would cooperate with the government in providing information about himself and others who were engaged in illegal activities, and that the government would not utilize the information acquired from defendant against him (with limited exceptions not pertinent to this appeal). The Sentencing Guidelines provide as follows:
 
 
 6
 Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.
 
 
 7
 U.S.S.G. 1B1.8(a). The government is not precluded, however, from using against a defendant information that was known before it made the plea agreement. Id. 1B1.8(b)(1).
 
 
 8
 Defendant's conviction equated to a base offense level of 13; he had a criminal history category of I. The PSR recommended a four level upward adjustment in defendant's offense level based on his knowledge that the funds were derived from criminal activity, and another two level adjustment for his role in the offense, attributable to having recruited others to smuggle heroin. Id. 2S1.3(b)(1) and 3B1.1(c). The district court adopted the PSR recommendations, which increased the sentencing range from six to twelve months to twenty-one to twenty-seven months, and sentenced him to serve twenty-one months.
 
 
 9
 The first issue concerns the source of the information the PSR used to increase defendant's sentencing range. Defendant challenges the district court's factual determination that he had knowledge the funds transferred were derived from criminal activity, and that he recruited others for the purpose of smuggling narcotics. He asserts that the PSR utilized incriminating information he provided after signing the plea agreement, in violation of U.S.S.G. 1B1.8(b)(1). Defendant contends the PSR concluded he recruited others for the purpose of smuggling heroin based solely on admissions he made during a presentence interview with Probation Officer Marty Thurman.[2] We review for clear error the district court's factual determination to increase defendant's sentencing range. United States v. St. Julian, 922 F.2d 563, 566 (10th Cir.1990).
 
 
 10
 IRS Special Agent Duane Shriver testified at the sentencing hearing that in the course of investigating drug trafficking and money laundering he interviewed several individuals who were involved with defendant in smuggling heroin from Nigeria. One of those individuals, Charles Alokwu, specifically confirmed that defendant was aware that the cash he received by mail was the proceeds of heroin sales. II R. 13-14. Shriver also stated that Alokwu identified three others, Celestine Anyanwu, Harry or Henry Moses, and Remi Arishi, whom defendant recruited to traffic in heroin, and that another unidentified witness provided him the same names. Id. at 14. Although Shriver was not asked specifically when he learned the information recited at sentencing, it is apparent from his testimony that his investigation occurred before defendant's guilty plea. And defendant has not argued that Shriver learned these facts after the guilty plea.
 
 
 11
 The PSR refers to an IRS investigation into heroin smuggling and suspicious bank transactions dating back as early as May 1990. III R. 3 at 1/2 1/23-4. This narrative in the PSR supports both the conclusions that Shriver learned the information about which he testified before defendant's plea agreement and that the government did not improperly rely on information gleaned from defendant at sentencing. We recognize that the addendum to the PSR recites defendant's admissions to recruiting others into the heroin smuggling operation. But this reference does not change the fact that the original source of this information, the IRS investigation, served as the foundation evidence for the PSR. II R. 10; III R. 4. The PSR recommendation, adopted by the court, did not violate U.S.S.G. 1B1.8(a) or the plea agreement.
 
 
 12
 The second issue concerns the reliability of evidence accepted by the district court for sentencing purposes. Again, we apply a clear error standard of review of the district court's fact finding. United States v. Padilla, 947 F.2d 893, 896 (10th Cir.1991).
 
 
 13
 Shriver's testimony that Alokwu told him that defendant knew the funds were proceeds of heroin trafficking and that defendant recruited others to smuggle heroin into the United States was hearsay. A court may rely on hearsay statements at sentencing if there is some indicia of reliability. United States v. Reid, 911 F.2d 1456, 1464 (10th Cir.1990). Shriver corroborated the information he obtained from Alokwu through another unidentified individual. II R. 9. Hearsay statements of unidentified informants may be considered at sentencing if the information is corroborated and a good reason exists for not revealing the informant's identity. The government cited safety concerns, which were accepted by the district court as the basis for not revealing that additional witness. II R. 16. Under these circumstances we cannot hold that the district court erred in accepting as reliable the information used to adjust defendant's offense level.
 
 
 14
 The final issue concerns the alleged violation of Fed.R.Crim.P. 32(c)(3)(D). That rule provides in part as follows:
 
 
 15
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i)a finding as to the allegation, or (ii)a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 16
 The PSR provided to us as part of the record does not include written findings or conclusions by the district court with regard to defendant's allegations of factual inaccuracy. Although this is not a basis for resentencing, we do remand for attention to this ministerial task. United States v. Gattas, 862 F.2d 1432, 1434-35 (10th Cir.1988).
 
 
 17
 The judgment imposing sentence is AFFIRMED but we REMAND to the district court with instructions to append written findings to defendant's PSR, in accordance with this opinion. Defendant's motion to expedite the appeal is denied as moot.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Defendant admitted to Probation Officer Marty Thurman that he had recruited others to smuggle heroin, but retracted his admission at sentencing, explaining that he lied to Thurman in order to receive a lesser sentence. Defendant also denied any knowledge that the money he received for purchasing the cashier's checks was the proceeds of heroin trade