**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON LAROY GIBSON,

Defendant - Appellant.

No. 97-6135

W.D. Oklahoma

(D.C. No. CR-96-84-T)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR,** Chief Judge, **ANDERSON**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Aaron Laroy Gibson pleaded guilty to distributing 1/4 ounce of cocaine base in violation of 21 U.S.C. §  841(a)(1).  He now appeals the sentence imposed,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

contending that the district court erred by using unreliable hearsay to support 1) the drug amounts used in calculating his offense level; and 2) the upward adjustment for firearm possession. He also contends that the thirty-year sentence for distribution of 1/4 ounce (seven grams) of crack cocaine violates the Fifth and Eighth Amendments. We affirm.

Applying the relevant conduct provisions of the Sentencing Guidelines, the Presentence Investigation Report ("PSR") recommended that Gibson be held accountable for distributing over two kilograms of cocaine base, a quantity which was much greater than the amount involved in the charge to which he pleaded guilty. Accordingly, pursuant to U.S.S.G. § 2D1.1(a)(3), the PSR calculated Gibson's base offense level at 38. Two additional points were then added for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1), and another two points were added for organizer, leader, or supervisor status pursuant to U.S.S.G. § 3B1.1(c). Finally, Gibson received a two point reduction in his offense level for acceptance of responsibility, resulting in a total base offense level of 40. Gibson's criminal history was calculated at category V.

In his first two claims on appeal, Gibson argues that the district court improperly considered unreliable hearsay testimony to support its rulings on drug quantity and possession of a firearm. At sentencing, the government has the burden of proving both the quantity of drugs and possession of a firearm by a

preponderance of the evidence.  See United States v. Lang, 81 F.3d 955, 964 (10th Cir. 1996) (firearm possession); United States v. Richards, 27 F.3d 465, 468 (10th Cir. 1994) (drug quantity).  The district court's drug quantity and firearm possession determinations are findings of fact which we review for clear error.  United States v. Ivy, 83 F.3d 1266, 1289 (10th Cir. 1996) (drug quantity); United States v. Underwood, 938 F.2d 1086, 1091 (10th Cir. 1991) (firearm possession).  We will reverse such findings only if they are not plausible or permissible in light of the entire record.  Ivy, 83 F.3d at 1289.  Moreover, for sentencing purposes, the district court's factual findings may be supported by hearsay statements so long as the hearsay possesses sufficient indicia of reliability.  U.S.S.G. §  6A1.3; United States v. Padilla, 947 F.2d 893, 896 (10th Cir. 1991).

Regarding the drug quantity, Gibson objected to the PSR's inclusion of a nine ounce crack cocaine transaction which allegedly occurred sometime in the beginning of November 1994.  First, he argues that the out of court declarant, Ahmad Davis, was not a reliable source of information, and he bases his legal argument upon United States v. Ortiz, 993 F.2d 204, 208 (10th Cir. 1993) (holding that confidential informant's out-of-court statements were not sufficiently corroborated to be reliable).  Second, Gibson contends that the record demonstrates that he was in jail at the time of the alleged transaction, so it was

clear error for the court, on the basis of unreliable hearsay, to hold him responsible for the drugs involved.[1]

At the sentencing hearing, the investigating detective testified regarding the information he had received from lower-level drug dealers who either witnessed transactions or obtained substantial amounts of crack cocaine from Gibson. The detective's testimony involved interview statements made by Ahmad Davis, who had also testified in a related trial, over which the sentencing judge had presided. Moreover, after carefully reviewing his notes, the detective explained that the alleged transaction would have occurred between November 4 and November 11, 1994. R. Vol. III at 17, 18. Following the detective's testimony the district court found:

> The objection regarding paragraph 19 is overruled on the strength of the evidence that supports the government's position. Despite the wording of the paragraph 19 in its beginning second – in its second paragraph, it would appear that the nine ounces in question were brought in with Mr. Gibson's direct involvement at a time he was out of jail in California and in the first week of November 1994 here, and that is based on testimony of credible witnesses known to this Court from previous testimony and found to be credible by the authorities and corroborated in various respects, and I have no reason to question the accuracy of their account in this particular instance, and that objection will be, accordingly, overruled.

---

[1]Gibson's complaint about the impossible conflict of dates ignores the fact that the declarant's statements, made several months after the transaction, do not establish an exact date, but rather a two week time-frame.

Id. at 19-20.  Thus, this case is clearly distinguishable from Ortiz which involved statements made by an unidentified informant.  Here, the district court had previously observed the declarant when he gave testimony in a related case and had found him to be credible.  We find no error in the district court's ruling.[2]

For his next claim of error, Gibson makes a similar argument regarding the unreliability of the hearsay testimony used to support the adjustment for possession of a firearm.  At the sentencing hearing, the investigating detective testified that a nine millimeter pistol had been found in the apartment where Gibson was arrested.  Id. at 6-7.  He also testified regarding an interview he had with Burgundy Pierce, who had testified in a related case before the sentencing judge.  According to Pierce's statements to the detective, Gibson "on occasion . . . would possess a firearm, particularly if someone unexpectedly knocked at the door he would have a firearm in his possession, as well as on different occasions when he was selling crack cocaine."  Id. at 6.  The detective noted that Pierce had told the him that Gibson's "use of a firearm . . . was not as great as that of . . . two other co-defendants, but still, in all, he did have one."  Id.  Pierce further stated that the firearm would typically be a nine-millimeter semiautomatic pistol.  Additionally, Pierce told the detective that Gibson had given an AK-47-style rifle

_____

[2]Although it does not affect our conclusion, we note that Gibson does not dispute the government's assertion that his offense level would not have changed, even if the contested transaction and drugs were omitted from the drug quantity computation.

- 5 -

to another drug dealer, a statement which the detective noted had been corroborated by Ahmad Davis in his separate interview. Id. at 7. Following the detective's testimony, the district court found:

> With regard to paragraph 24, the firearm enhancement, again, the testimony of Burgundy Pierce, at least, and perhaps others, certainly in her case, was found to be credible and corroborated in several respects in various hearings in connection with this trial and, indeed, at the trial itself, and I believe in other sentencing proceedings involving co-defendants, and I know of no reason to doubt her testimony in this respect, and, indeed, find no basis for questioning the basis for the enhancement as it has been written here, and, accordingly, the objection to paragraph 24 is also overruled.

Id. at 20. Again, the district court noted its earlier in-court observations of the hearsay declarant, Burgundy Pierce, and its determination regarding her credibility.[3] Finding the hearsay to be sufficiently reliable, the district court overruled Gibson's objection. We find no error in that ruling.

As his third contention on appeal, Gibson contends that the disparity in sentencing for powder cocaine and crack cocaine is racially biased and unconstitutionally severe. The legality of a sentence is a question of law which we review de novo. United States v. Angulo-Lopez, 7 F.3d 1506, 1508 (10th Cir.

---

[3]In a related case, Pierce had testified that "most of the guys" in the apartment had guns, either automatics or nine millimeters. See related Case No. 97-6167, R. Vol. III at 82. Although she did not specifically name Gibson during the earlier testimony, the more particular statements she made to the detective were clearly consistent with that testimony.

- 6 -

1993), <u>superseded by regulation on other grounds, as stated in</u> <u>United States v.</u>

<u>Kissick</u>, 69 F.3d 1048 (10th Cir. 1995).

This circuit has previously and repeatedly rejected the constitutional claims which Gibson makes in this appeal. <u>See, e.g.</u>, <u>Angulo-Lopez</u>, 7 F.3d at 1508–09; <u>United States v. Thurmond</u>, 7 F.3d 947, 950-53 (10th Cir. 1993), <u>United States v. Turner</u>, 928 F.2d 956, 959-60 (10th Cir. 1991). Nonetheless, noting that the Sentencing Commission has urged Congress to change the current sentencing structure which so severely penalizes traffickers of crack cocaine compared to powder cocaine traffickers, Gibson argues that the issue should be reconsidered "under a more stringent legal standard than has heretofore been applied." Appellant's Br. at 19. In fact, Gibson's argument implicitly recognizes that the noted disparity creates a question of legislative policy, rather than a question of constitutional infirmity. Accordingly, as in the above-cited cases, we find no constitutional violation.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge