**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Aaron Laroy GIBSON, Defendant–**
**Appellant.**

No. 01–6378.

United States Court of Appeals,
Tenth Circuit.

Nov. 12, 2002.

Frank Michael Ringer, Asst. U.S. Attorney, Office of the United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

Aaron Laroy Gibson, Florence, CO, Henry A. Meyer, III, Norman, Edem, Meyer, Wallace, Norman, Cox & Moser, Oklahoma City, OK, for Defendant–Appellant.

Before SEYMOUR, HENRY and BRISCOE, Circuit Judges.

### ORDER AND JUDGMENT*

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to honor appellee's request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Aaron Laroy Gibson appeals the district court's denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons stated below, we affirm the district court's decision.

Mr. Gibson pleaded guilty to one count of distribution of one-quarter of an ounce of cocaine base ("crack"). The presentence report ("PSR") recommended that Mr. Gibson be held accountable for distributing over two kilograms of crack, pursuant to USSG § 2D1.1(a)(3). Two additional points were added for possession of a firearm under USSG § 2D1.1(b)(1) and another two points were added for supervisor status under USSG § 3B1.1(c). Mr. Gibson also received a two-point reduction for acceptance of responsibility. Adopting the findings of the PSR, the district court sentenced him to 360 months of imprisonment.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On direct appeal, Mr. Gibson argued that the district court improperly considered unreliable hearsay testimony to support its sentence on drug quantity and firearm possession. We affirmed Mr. Gibson's sentence. *See United States v. Gibson*, No. 97–6135, 1998 WL 380926, at *3 (10th Cir. June 17, 1998). Mr. Gibson did not file a petition for a writ of certiorari, and, as the district court correctly noted, his conviction thus became final on September 15, 1998. *See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir.2000) (stating that, "for purposes of § 2255, if a prisoner does not file a petition for a writ of certiorari, ... the one-year limitation begins to runs ... ninety days after this court['s]" decision). Section 2255 establishes a one-year statute of limitations that runs from the latest of the date on which the judgment of conviction becomes final or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See id.* Mr. Gibson therefore had until September 14, 1999 to file a § 2255 petition.

Just over two months after that date, on November 18, 1999, Mr. Gibson filed a motion for permission out of time to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the district court denied. Mr. Gibson then filed a motion for modification of his term of imprisonment under 18 U.S.C. § 3582(c)(2). In his motion, Mr. Gibson contended that (1) Amendment 591 to the USSG reduced the sentencing range for his offense of conviction and (2) he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court construed the motion as a second or successive motion brought under 28 U.S.C. § 2255 and transferred it to this court. In an unpublished order, we concluded that the district court erred in determining the motion was successive, because, in November 1999, Mr. Gibson only asked for permission to file an initial petition under § 2255, but "did not set forth any grounds for relief under § 2255." *See* Rec. vol. 3, doc. 186, at 2 (Order filed July 20, 2001). We thus vacated the district court's order and remanded the case to the district court. *See id.*

On remand, the district court rejected Mr. Gibson's motion to modify his sentence.[1] Because a § 3582(c)(2) motion is a continuation of the prior criminal proceeding, this court has jurisdiction to review the denial of Mr. Gibson's § 3582(c)(2) motion. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.1997). We have stated that:

> We review de novo the district court's interpretation of a statute or the sentencing guidelines. We also review de novo the district court's legal determination that it possessed jurisdiction to modify Defendant's sentence. A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.

*Id.* (internal citations omitted). Because Mr. Gibson is proceeding pro se, we lib-

---

1. The government did not address Mr. Gibson's *Apprendi* claim. The district court noted this, and stated that "even if [Mr. Gibson's] motion is treated as one filed under 18 U.S.C. § 2255, he could not obtain relief pursuant to *Apprendi*, as his motion is untimely." Rec. vol. 3, doc. 194, at 1 (Order filed Oct. 1, 2001). Mr. Gibson does not pursue an *Apprendi* claim before us and we need not address this issue. Accordingly, Mr. Gibson's motion to modify does not count as a prior for purposes of gatekeeping provisions.

erally construe his pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

Upon review, we conclude that the district court properly denied Mr. Gibson's § 3582(c) motion. Section 3582(c)(2) allows the district court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that "subsequently has been lowered by the Sentencing Commission." *Smartt,* 129 F.3d at 540. Under USSG § 1B1.10, certain listed amendments to the guidelines are to be given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c). *See* 18 U.S.C. § 3582(c)(2) ("the court may reduce the term of imprisonment, ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Mr. Gibson argues that his sentence should be reduced in light of Amendment 591 to the guidelines. While Amendment 591 is given retroactive effect under § 1B1.10, the Amendment does not apply to Mr. Gibson's sentence. *See* USSG § 1B1.10(c) p.s. Mr. Gibson's interpretation of the scope of that amendment is incorrect. Amendment 591 amends § 1B1.1(a), § 1B1.2(a), the Commentary to § 1B1.2 and § 2D1.2, and Appendix A (Statutory Index). *See id.* The district court sentenced Mr. Gibson under USSG § 2D1.1 and not under § 2D1.2. Therefore, Amendment 591's changes to § 2D1.2 do not impact his sentence.

Construing Mr. Gibsons's motion as a motion to modify pursuant to § 3582(c)(2), we AFFIRM the district court's denial of the motion.